IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARRISA R. KUTZER, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. 17-736 ) ) |
| NANCY A. BERRYHILL,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I.     BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her applications alleging she has been disabled since March 1, 2012. (ECF No. 8-7, pp. 2, 12). Administrative Law Judge ("ALJ"), Michael S. Kaczmarek, held a hearing on July 27, 2015. (ECF No. 8-3). On November 2, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 13-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Whether the ALJ erred in determining that Plaintiff did not meet or medically equal the severity of Listing 11.02 - Epilepsy

Plaintiff argues that the ALJ erred at step three of the evaluation in determining that Plaintiff did not meet an impairment in the Listings. (ECF No. 11, pp. 9-10). To that end, Plaintiff argues that the ALJ failed to provide any substantive analysis regarding Listing 11.02 (Epilepsy) to determine whether Plaintiff actually met or equaled the Listing. *Id.* As a result, the Plaintiff essentially argues that there is insufficient discussion for this court to make a meaningful review and the case should be remanded for full finding by the Administrative Law Judge with regard to this issue. *Id.*

An applicant is *per* se disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). The Third Circuit has held that:

> Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."

3

*Burnett,* 220 F.3d at 120, n. 2 (*quoting Sims v. Apfel,* 530 U.S. 103 (2000)).

Here, Plaintiff acknowledges that the ALJ considered Listings under 11.00, but she suggests that the analysis was inadequate and that he should have specifically considered and analyzed her case under Listing 11.02. (ECF No. 11, pp. 9-10). Listing 11.02, effective at the time of the ALJ's decision, is a listing for convulsive epilepsy (grand mal or psychomotor) and requires documentation of "detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month, in spite of at least three months of prescribed treatment." 20 C.F.R. pt. 404, subpt. P, app. 1, §11.02. This includes daytime episodes and nocturnal episodes. *Id.* Other than to conclude that the treatment records from her treating doctor show she meets the criteria under Listing 11.02, Plaintiff fails to specifically point out how she meets Listing 11.02 in general or the frequency requirement in particular. *See,* ECF No. 11, pp. 9-10. Consequently, I find Plaintiff's argument to be underdeveloped and wholly inadequate. Therefore, I find no merit to this argument. Nonetheless, I have reviewed the record and the ALJ's opinion as a whole and, based on the same, I find the ALJ adequately considered and addressed whether Plaintiff met a listing under 11.00. *See,* ECF No. 8-2, pp. 13-25. Thus, I find no merit to this argument.

### C.  Weighing of Opinion Evidence

Plaintiff additionally argues that the ALJ's residual functional capacity ("RFC")[2] determination is flawed because he improperly credited the non-examining physician's opinion over her treating physicians. (ECF No. 11, pp. 10-12). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. §

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff could perform a full range of work at all exertional levels but with certain exceptions. (ECF No. 8-2, p. 18).

416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

5

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Plaintiff first suggests that the ALJ erred in discrediting Dr. Schramke because he only met with Plaintiff once when he actually met with Plaintiff twice. (ECF No. 11, p. 11). In recognizing there was no treatment relationship between Plaintiff and Dr. Schramke, the ALJ stated that "the doctor interviewed the clamant on only one occasion." (ECF No. 8-2, p. 22). Regardless of whether the doctor met with Plaintiff once or over a one week period, the longitudinal treating relationship is a proper factor to consider in weighing opinion testimony. 20 C.F.R. §§404.1527, 416.927 (Evaluating Opinion Evidence). There is substantial evidence of record to show there was not a treating relationship. (ECF No. 8-10, pp. 15-24). Consequently, even if there was a minor misstatement in this regard, I find such an error is harmless and remand is not warranted.

Next, Plaintiff submits that the ALJ erred in giving little weight to the opinion of Dr. Valeriano, her treating physician, because there is no contradictory opinion or medical evidence. (ECF No. 11, p. 11). As set forth above, an ALJ is not required to accept a doctor's opinion uncritically. Rather, the ALJ must weigh it in relation to all of the evidence of the record. In this case, that is exactly what the ALJ did. The ALJ gave Dr. Valeriano's opinion little weight because his opinions are inconsistent with his own records and inconsistent with the medical record evidence that Plaintiff is functioning within normal limits. (ECF No. 8-2, pp. 22-23). Furthermore, the ALJ noted that Dr. Valeriano is not a mental health professional and "an opinion regarding a limitation arising from mental impairments is outside of the generally recognized scope of his expertise." (ECF No. 8-2, p. 23). These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating

Opinion Evidence). After a review of the record, I find that I am able to sufficiently discern the basis for the ALJ's opinion and find that it is based on substantial evidence. (ECF No. 8-2, p. 13-25). Thus, I find no error in this regard.

Plaintiff then states that the ALJ erred by not affording weight to Dr. Valeriano's opinion "in light of Dr. Seilhamer's opinion." (ECF No. 11, p. 11). I am not exactly sure what Plaintiff is trying to argue here. If Plaintiff is trying to argue that one opinion bolsters the other opinion, I find no merit to this argument. To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

Plaintiff also seems to argue that Dr. Seilhamer's opinion was old and should not have carried weight for this reason. (ECF No. 11, p. 11). An ALJ is entitled to rely upon the findings of an evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Therefore, I find the ALJ properly considered the opinion of Dr. Seilhamer.

Finally, Plaintiff argues that the ALJ erred in failing to explain why he gave great weight to the state agency medical consultant, Dr. Fox. (ECF No. 11, pp. 11-12). I disagree. The ALJ gave Dr. Fox's opinion great weight because of its consistency with other medical evidence (Drs. Johnson and Dr. Seilhamer), as well as other evidence of record, including many of Plaintiff's alleged symptoms as discussed by the ALJ in his decision. (ECF No. 8-2, p. 23). Again, consistency and supportability are valid and acceptable factors used to weigh evidence. After a review of the record, I find these reasons to be supported by substantial evidence. (ECF No. 8-2, pp. 13-25). Therefore, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARRISA R. KUTZER,                )
                                  )
        Plaintiff,                )
                                  )
    -vs-                          )    Civil Action No. 17-736
                                  )
                                  )
NANCY A. BERRYHILL,[3]            )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
        Defendant.                )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 17th day of July, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                                BY THE COURT:

                                s/ Donetta W. Ambrose
                                   Donetta W. Ambrose
                                   United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.